AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Central |
|---|---|
| Name: Clyde Wallace | Prisoner No. K04941 | Case No. |

Place of Confinement: Pontiac Correctional Center, Pontiac, IL 61764

Name of Petitioner (include name under which convicted): Clyde Wallace

Name of Respondent (authorized person having custody of petitioner): v. Gorge Montes, I.P.R.B., et al.

The Attorney General of the State of: Illinois

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Illinois Prisoner Review Board 319 E. Madison Street Suit A, Springfield, IL 62701

2. Date of judgment of conviction: March 7th 2006

3. Length of sentence: 23 months — with 3 months remaining to be served

4. Nature of offense involved (all counts): Prior history and the Seriousness of the Offenses

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐
   (c) Prisoner Review Board ☒

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _Prisoner Review Board, and Livingston county courthouse_

   (b) Result _Court refuses to have a hearing in time to remedy the Issue_

   (c) Date of result and citation, if known _____

   (d) Grounds raised _Constitutional Violations, and unlawfull grounds for imprisonment, Proceedural violation_

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(3)

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒  not to my knowledge

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐  No ☒
(2) Second petition, etc.   Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

I filed a mandamus petition in the livingston county court house requesting imediat realease from unlawfull sentence. Judge Frobish set the hearing date for 4-16-07, I am to be relessed 4-9-07 a week before the hearing, and the Judge has refused to chang the court date to where it may benifit me.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  Ground one: __Due Process of Law Violation  14th Amendment__

Supporting FACTS (state briefly without citing cases or law): Prisoner Review Board refuse to comply with 730 ILCS 5/3-3-9(a) Revocation hearing; Which states that a person must violate one or more of the conditions of his or her release under Section 3-3-7 of this code. In order to be declared a Mandatory Supervised Release Violator, and recieve various forms of punishment therein
However my prior history is in the past, and never was or could have been a condition of my release as set forth in the above statue

B.  Ground two: __Equal Protection clause Violation 14th Amendment__

Supporting FACTS (state briefly without citing cases or law): When a person has not violated a condition of his (M.S.R) he or she is allowed to continue that term.
The Prisoner Review Boar (PRB) has not affordid me this right, they instead chose to make up unsound reasons to maintain my incarceration such as My prior history and seriousniss of the offenses.

(5)

AO 241 (Rev. 5/85)

C. Ground three: Circuit Court Judge fails to hear Petitioners complaint in ~~___~~ time to grant relief

Supporting FACTS (state *briefly* without citing cases or law): I filed a mandamus in the Livingston County courthouse before the honorable Judge Frobish Case Tittle: Clyde Wallace V. Gorge montes, and Illinois Prisoner Review Board. NO. 06 MR 124. I have requested an Immediat Release and Invalidation of sentence. However I am to Komplete this unlawful Sentence 4-9-07. and the Judge refusis to hear ―

D. Ground four  Coninuance from above^

Supporting FACTS (state *briefly* without citing cases or law): ― my complaint before that time the Judge has set a hearing date for 4-16-07, and I have appealed to this judge for an earlier court date in which he has refused knowing that my relief sought will be moot by release. See exhibite. D. my calculation sheet which shows my release date ,and exhibit. E. whitch shows the court date and judges ● refusal to expediat Processing.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☒   No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  Randell S. Morgan.   There has not been a hearing yet the Judge refusis to do So.

    (b) At arraignment and plea  _____

(6)

AO 241 (Rev. 5/85)

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ☐  No ☒
   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   _____

   (b) Give date and length of the above sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_1-22-07_
   (date)

*Clyde Wallace*
Signature of Petitioner

(7)

# Petitioners Brief                                        P. 1

See: Defenitions for MSR Revocation hearing 730 ILCS 105/5 Sec (e): A hearing to determin if a person on Mandatory Supervised Release has violated a condition of his/her release.

This Petitioners term of MSR is Governed by 730 ILCS 5/3-3-7 Conditions of Parole or Mandatory Supervised Release. See Exhibit A. for conditions.

The only way this Petitioner may have this term ligitimatly revoced, and be returned to prison as a M.S.R Violatore is if he violates one or more of the conditions of the above mentioned term - Per Order of 730 ILCS 5/3-3-9 Revocation hearing.

However this Petitioner contends that he has not violated any conditions set forth in 730 ILCS 5/3-3-7 conditions of Parole or Mandatory Supervised Release. And the Prisoner Review Board has full Tinowledg of this fact. Yet instead of continueing Petitioners term of M.S.R the P.R.B has electid to make up fictitious, and unsoud reasons to declar this Petitoner a M.S.R Voilator and maintian his unlawful and uncomstitutional incarsoration inlight of Petitioners constaint appeals.

See Exhibit A. which showes conditions of M.S.R., and Instructions for Revocation of M.S.R.

Then See Exhibit B. unsound grounds for the revocation of Petitioners M.S.R Term, and Exhibit C. which shows the P.R.B's refusal to correct thier errors.

Furthermore this Petitioner has appealed to the lvingston county courthouse Pontiac, IL 61764 in the form of a mandamus Petition. Requesting an Immediat release

P.2

and an Invalidation of this unconstitutional incarsoration. This Petition was filed by the Clerk 12-21-06, Attorney Rundell S. Morgan was appointed to reprisent this Petitioner and hearing was set for April 16, 2007 However Petitioner will have completed this intior unlawfull Sentence and be released 4-9-07 a full week befor the above scheduled hearing, and therefor rendering this Petitioners issue moot by release thus denieing this Petitioner the opertunity to have the relief sought granted it the petition is succesful by operation of Law. Furthermore the court appointed counsle does not respond to this Petitioners attepts at communication. Which forced this petitioner to file his own motion to have his court hearing moved to a date in which the Petitioner may be able to benifit from the courts ruleing should he succeed in his Petitione. However the Honorable Judge Frobish Presiding has refused to change the hearing date thus denieing this Petitioner the relief sought without ever hearing Petitioners issues or makeing a ruleing on them

See Exhibit D. Petitioners Calculation Sheet which Shows Petitioners final Discharg date, and Exhibit E. which shows Judge Frobish acknowledgment of Petitioners Request for earlier hearing, and Judges refusal to Grant it.

Wherfor this Petitioner humbly request this Honorable court to Grant a hearing on these issues as soon as possible so that this Petitioner may benifit from the courts dicision befor my scheduled release date of 4-9-07.

Very yours truely,
Clyde Wallace

3:07-cv-03343-RM   #1   Page 9 of
Exhibit 1/A

### Validity

*Provision that changed the frequency of parole hearings from once a year at the time petitioner was sentenced to prison in 1975 to once every 3 years beginning in 1988 has been held unconstitutional by the Illinois Supreme Court in the case of Tiller v. Klincar, 138 Ill.2d 1, 561 N.E.2d 576, 149 Ill.Dec. 206 (1990), certiorari denied 111 S.Ct. 688, 498 U.S. 1031, 112 L.E.2d 679.*

### 5/3-3-5. Hearing and Determination.

**Text of section effective June 1, 2006**

§ 3-3-5. Hearing and Determination.

(a) The Prisoner Review Board shall meet as often as need requires to consider the cases of persons eligible for parole. Except as otherwise provided in paragraph (2) of subsection (a) of Section 3-3-2 of this Act, the Prisoner Review Board may meet and order its actions in panels of 3 or more members. The action of a majority of the panel shall be the action of the Board. In consideration of persons committed to the Department of Juvenile Justice, the panel shall have at least a majority of members experienced in juvenile matters.

(b) If the person under consideration for parole is in the custody of the Department, at least one member of the Board shall interview him, and a report of that interview shall be available for the Board's consideration. However, in the discretion of the Board, the interview need not be conducted if a psychiatric examination determines that the person could not meaningfully contribute to the Board's consideration. The Board may in its discretion parole a person who is then outside the jurisdiction on his record without an interview. The Board need not hold a hearing or interview a person who is paroled under paragraphs (d) or (e) of this Section or released on Mandatory release under Section 3-3-10.

(c) The Board shall not parole a person eligible for parole if it determines that:

(1) there is a substantial risk that he will not conform to reasonable conditions of parole; or

(2) his release at that time would deprecate the seriousness of his offense or promote disrespect for the law; or

(3) his release would have a substantially adverse effect on institutional discipline.

(d) A person committed under the Juvenile Court Act [1] or the Juvenile Court Act of 1987 [2] who has not been sooner released shall be paroled on or before his 20th birthday to begin serving a period of parole under Section 3-3-8.

(e) A person who has served the maximum term of imprisonment imposed at the time of sentencing less time credit for good behavior shall be released on parole to serve a period of parole under Section 5-8-1.

(f) The Board shall render its decision within a reasonable time after hearing and shall state the basis therefor both in the records of the Board and in written notice to the person on whose application it has acted. In its decision, the Board shall advise the authority concerned of the sentence or disposition under which the person is held, the time of the eligibility for parole or release, any decision of the Board relating to the person and the nature of his or her adjustment during confinement, and shall give reasonable notice to such authority of the person's release date.

(g) The Board shall maintain a registry of decisions in which parole has been granted, which shall include the name and case number of the prisoner, the highest charge for which the prisoner was sentenced, the length of sentence imposed, the date of the sentence, the date of the parole, the basis for the decision of the Board to grant parole and the vote of the Board on any such decisions. The registry shall be made available for public inspection and copying during business hours and shall be a public record pursuant to the provisions of the Freedom of Information Act.

(h) The Board shall promulgate rules regarding the exercise of its discretion under this Section.

P.A. 77-2097, § 3-3-5, eff. Jan. 1, 1973. Amended by P.A. 78-939, § 1, eff. July 1, 1974; P.A. 80-362, § 1, eff. Oct. 1, 1977; P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 83-621, § 1, eff. Sept. 19, 1983; P.A. 83-1433, § 1, eff. Jan. 1, 1985; P.A. 83-1449, § 1, eff. Sept. 17, 1984; P.A. 83-1499, § 2, eff. Dec. 27, 1984; P.A. 85-256, § 1, eff. Jan. 1, 1988; P.A. 85-548, § 1, eff. Jan. 1, 1988; P.A. 85-1209, Art. II, § 2-25, eff. Aug. 30, 1988; P.A. 89-428, Art. 5, § 505, eff. Dec. 13, 1995. Reenacted and amended by P.A. 89-689, § 100, eff. Dec. 31, 1996. Amended by P.A. 91-798, § 110, eff. July 9, 2000; P.A. 91-946, § 5, eff. Feb. 9, 2001; P.A. 94-696, § 25, eff. June 1, 2006.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-5.

[1] Former Ill.Rev.Stat. ch. 37, ¶ 701-2 (repealed).
[2] 705 ILCS 405/1-1 et seq.

*For text of section effective until June 1, 2006, see 730 ILCS 5/3-3-5, ante*

### Validity

*Provision that changed the frequency of parole hearings from once a year at the time petitioner was sentenced to prison in 1975 to once every 3 years beginning in 1988 has been held unconstitutional by the Illinois Supreme Court in the case of Tiller v. Klincar, 138 Ill.2d 1, 561 N.E.2d 576, 149 Ill.Dec. 206 (1990), certiorari denied 111 S.Ct. 688, 498 U.S. 1031, 112 L.E.2d 679.*

P.A. 89-428 was held by the Illinois Supreme Court to be in violation of the single subject requirement of subsection (d) of Section 8 of Article IV of the Illinois Constitution in the case of Johnson v. Edgar, 1997, 176 Ill.2d 499, 680 N.E.2d 1372, 224 Ill.Dec. 1. Public Act 89-689 reenacted the amendment of this text by P.A. 89-428.

### 5/3-3-6. Parole or release to warrant or detainer

§ 3-3-6. Parole or release to warrant or detainer. (a) If a warrant or detainer is placed against a person by the court, parole agency, or other authority of this or any other jurisdiction, the Prisoner Review Board shall inquire before such person becomes eligible for parole or release whether the authority concerned intends to execute or withdraw the process if the person is released on parole or otherwise.

(b) If the authority notifies the Board that it intends to execute such process when the person is released, the Board shall advise the authority concerned of the sentence or disposition under which the person is held, the time of the eligibility for parole or release, any decision of the Board relating to the person and the nature of his or her adjustment during confinement, and shall give reasonable notice to such authority of the person's release date.

(c) The Board may parole or release a person to a warrant or detainer. The Board may provide, as a condition of parole or release, that if the charge or charges on which the warrant or detainer is based are dismissed or satisfied, prior to the expiration of his or her parole term, the authority to whose warrant or detainer he or she was released shall return him to serve the remainder of his or her parole term or such part thereof as the Board may determine subject to paragraph (d) of Section 5-8-1.

(d) If a person paroled to a warrant or detainer is thereafter sentenced to probation, or released on parole in another jurisdiction prior to the expiration of his or her parole or mandatory supervised release term in this State, the Board may permit him or her to serve the remainder of his or her term, or such part thereof as the Board may determine, in either of the jurisdictions.

P.A. 77-2097, § 3-3-6, eff. Jan. 1, 1973. Amended by P.A. 77-2827, § 1, eff. Jan. 1, 1973; P.A. 78-255, § 61, eff. Oct. 1, 1973; P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 83-346, § 12, eff. Sept. 14, 1983.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-6.

### 5/3-3-7. Conditions of Parole or Mandatory Supervised Release

§ 3-3-7. Conditions of Parole or Mandatory Supervised Release.

(a) The conditions of parole or mandatory supervised release shall be such as the Prisoner Review Board deems necessary to assist the subject in leading a law-abiding life. The conditions of every parole and mandatory supervised release are that the subject:

(1) not violate any criminal statute of any jurisdiction during the parole or release term;

(2) refrain from possessing a firearm or other dangerous weapon;

(3) report to an agent of the Department of Corrections;

(4) permit the agent to visit him or her at his or her home, employment, or elsewhere to the extent necessary for the agent to discharge his or her duties;

(5) attend or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release;

(6) secure permission before visiting or writing a committed person in an Illinois Department of Corrections facility;

(7) report all arrests to an agent of the Department of Corrections as soon as permitted by the arresting authority but in no event later than 24 hours after release from custody;

(7.5) if convicted of a sex offense as defined in the Sex Offender Management Board Act, the individual shall undergo and successfully complete sex offender treatment conducted in conformance with the standards developed by the Sex Offender Management Board Act by a treatment provider approved by the Board;

(7.6) if convicted of a sex offense as defined in the Sex Offender Management Board Act, refrain from residing at the same address or in the same condominium unit or apartment unit or in the same condominium complex or apartment complex with another person he or she knows or reasonably should know is a convicted sex offender; or has been placed on supervision for a sex offense; the provisions of this paragraph do not apply to a person convicted of a sex offense who is placed in a Department of Corrections licensed transitional housing facility for sex offenders, or is in any facility operated or licensed by the Department of Children and Family Services or by the Department of Human Services, or is in any licensed medical facility;

(8) obtain permission of an agent of the Department of Corrections before leaving the State of Illinois;

(9) obtain permission of an agent of the Department of Corrections before changing his or her residence or employment;

(10) consent to a search of his or her person, property, or residence under his or her control;

(11) refrain from the use or possession of narcotics or other controlled substances in any form, or both, or any paraphernalia related to those substances and submit to urinalysis test as instructed by a parole agent of the Department of Corrections;

(12) not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(13) not knowingly associate with other persons on parole or mandatory supervised release without prior written permission of his or her parole agent and not associate with persons who are members of an organized gang as that term is defined in the Illinois Streetgang Terrorism Omnibus Prevention Act; [1]

(14) provide true and accurate information, as it relates to his or her adjustment in the community while on parole or mandatory supervised release or to his or her conduct while incarcerated, in response to inquiries by his or her parole agent or of the Department of Corrections;

(15) follow any specific instructions provided by the parole agent that are consistent with furthering conditions set and approved by the Prisoner Review Board or by law, exclusive of placement on electronic detention, to achieve the goals and objectives of his or her parole or mandatory supervised release or to protect the public. These instructions by the parole agent may be modified at any time, as the agent deems appropriate; and

(16) if convicted of a sex offense as defined in subsection (a-5) of Section 3-1-2 of this Code, unless the offender is a parent or guardian of the person under 18 years of age present in the home and no non-familial minors are present, not participate in a holiday event involving children under 18 years of age, such as distributing candy or other items to children on Halloween, wearing a Santa Claus costume on or preceding Christmas, being employed as a department store Santa Claus, or wearing an Easter Bunny costume on or preceding Easter.

(b) The Board may in addition to other conditions require that the subject:

(1) work or pursue a course of study or vocational training;

(2) undergo medical or psychiatric treatment, or treatment for drug addiction or alcoholism;

(3) attend or reside in a facility established for the instruction or residence of persons on probation or parole;

(4) support his dependents;

(5) (blank);

(6) (blank);

(7) comply with the terms and conditions of an order of protection issued pursuant to the Illinois Domestic Violence Act of 1986, [2] enacted by the 84th General Assembly, or an order of protection issued by the court of another state, tribe, or United States territory; and

(8) in addition, if a minor:

(i) reside with his parents or in a foster home;

(ii) attend school;

(iii) attend a non-residential program for youth; or

(iv) contribute to his own support at home or in a foster home.

(b-1) In addition to the conditions set forth in subsections (a) and (b), persons required to register as sex offenders pursuant to the Sex Offender Registration Act, upon release from the custody of the Illinois Department of Corrections, may be required by the Board to comply with the following specific conditions of release:

(1) reside only at a Department approved location;

(2) comply with all requirements of the Sex Offender Registration Act;

(3) notify third parties of the risks that may be occasioned by his or her criminal record;

(4) obtain the approval of an agent of the Department of Corrections prior to accepting employment or pursuing a course of study or vocational training and notify the Department prior to any change in employment, study, or training;

(5) not be employed or participate in any volunteer activity that involves contact with children, except under circumstances approved in advance and in writing by an agent of the Department of Corrections;

(6) be electronically monitored for a minimum of 12 months from the date of release as determined by the Board;

(7) refrain from entering into a designated geographic area except upon terms approved in advance by an agent of the Department of Corrections. The terms may include consideration of the purpose of the entry, the time of day, and others accompanying the person;

(8) refrain from having any contact, including written or oral communications, directly or indirectly, personally or by telephone, letter, or through a third party with certain specified persons including, but not limited to, the victim or the victim's family without the prior written approval of an agent of the Department of Corrections;

(9) refrain from all contact, directly or indirectly, personally, by telephone, letter, or through a third party, with minor children without prior identification and approval of an agent of the Department of Corrections;

(10) neither possess or have under his or her control certain any material that is sexually oriented, sexually stimulating, or that shows male or female sex organs or any pictures depicting children under 18 years of age nude or any written or audio material describing sexual intercourse or that depicts or alludes to sexual activity, including but not limited to visual, auditory, telephonic, or electronic media, or any matter obtained through access to any computer or material linked to computer access use;

(11) not patronize any business providing sexually stimulating or sexually oriented entertainment nor utilize "900" or adult telephone numbers;

(12) not reside near, visit, or be in or about parks, schools, day care centers, swimming pools, beaches, theaters, or any other places where minor children congregate without advance approval of an agent of the Department of Corrections and immediately report any incidental contact with minor children to the Department;

(13) not possess or have under his or her control certain specified items of contraband related to the incidence of sexually offending as determined by an agent of the Department of Corrections;

(14) may be required to provide a written daily log of activities if directed by an agent of the Department of Corrections;

(15) comply with all other special conditions that the Department may impose that restrict the person from high-risk situations and limit access to potential victims.

(c) The conditions under which the parole or mandatory supervised release is to be served shall be communicated to the person in writing prior to his release, and he shall sign the same before release. A signed copy of these conditions, including a copy of an order of protection where one had been issued by the criminal court, shall be retained by the person and another copy forwarded to the officer in charge of his supervision.

(d) After a hearing under Section 3-3-9, the Prisoner Review Board may modify or enlarge the conditions of parole or mandatory supervised release.

(e) The Department shall inform all offenders committed to the Department of the optional services available to them upon release and shall assist inmates in availing themselves of such optional services upon their release on a voluntary basis.

P.A. 77-2097, § 3-3-7, eff. Jan. 1, 1973. Amended by P.A. 78-939, § 1, eff. July 1, 1974; P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 84-1305, Art. IV, § 403, eff. Aug. 21, 1986; P.A. 91-903, § 10, eff. Jan. 1, 2001; P.A. 92-460, § 5, eff. Jan. 1, 2002; P.A. 93-616, § 22, eff. Jan. 1, 2004; P.A. 93-865, § 5, eff. Jan. 1, 2005; P.A. 94-159, § 5, eff. July 11, 2005; P.A. 94-161, § 5, eff. July 11, 2005.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-7.

[1] 740 ILCS 147/1 et seq.

[2] 750 ILCS 60/01 et seq.

P.A. 94-159, § 5, added subd. (a)(16); and made nonsubstantive changes.

P.A. 94-161 inserted subd. (a)(7.6).

See 5 ILCS 70/6 as to the effect of (1) more than one amendment of a section at the same session of the General Assembly or (2) two or more acts relating to the same subject matter enacted by the same General Assembly.

**5/3-3-8.  Length of parole and mandatory supervised release; discharge**

§ 3-3-8.  Length of parole and mandatory supervised release; discharge.

(a) The length of parole for a person sentenced under the law in effect prior to the effective date of this amendatory Act of 1977 and the length of mandatory supervised release for those sentenced under the law in effect on and after such effective date shall be as set out in Section 5-8-1 unless sooner terminated under paragraph (b) of this Section. The parole period of a juvenile committed to the Department under the Juvenile Court Act[1] or the Juvenile Court Act of 1987[2] shall extend until he is 21 years of age unless sooner terminated under paragraph (b) of this Section.

(b) The Prisoner Review Board may enter an order releasing and discharging one from parole or mandatory supervised release, and his commitment to the Department, when it determines that he is likely to remain at liberty without committing another offense.

(c) The order of discharge shall become effective upon entry of the order of the Board. The Board shall notify the clerk of the committing court of the order. Upon receipt of such copy, the clerk shall make an entry on the record judgment that the sentence or commitment has been satisfied pursuant to the order.

(d) Rights of the person discharged under this Section shall be restored under Section 5-5-5. This Section is subject to Section 5-750 of the Juvenile Court Act of 1987.[3]

P.A. 77-2097, § 3-3-8, eff. Jan. 1, 1973. Amended by P.A. 77-2827, § 1, eff. Jan. 1, 1973; P.A. 78-255, § 61, eff. Oct. 1, 1973; P.A. 79-813, § 1, eff. Oct. 1, 1975; P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 84-1301, § 1, eff. Aug. 19, 1986; P.A. 85-1209, Art. III, § 3-36, eff. Aug. 30, 1988; P.A. 90-590, Art. 2001, § 2001-40, eff. Jan. 1, 1999.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-8.

[1] Former Ill Rev Stat. ch 37, ¶ 701-1 et seq. (repealed)

[2] 705 ILCS 405/1-1 et seq.

[3] 705 ILCS 405/5-750.

For a report on the fiscal impact of the implementation of P.A. 90-590, see the note under 20 ILCS 505/35.1.

**5/3-3-9.  Violations; changes of conditions; preliminary hearing; revocation of parole or mandatory supervised release; revocation hearing**

*Text of section effective until June 1, 2006*

§ 3-3-9.  Violations; changes of conditions; preliminary hearing; revocation of parole or mandatory supervised release; revocation hearing.

(a) If prior to expiration or termination of the term of parole or mandatory supervised release, a person violates a condition set by the Prisoner Review Board or a condition of parole or mandatory supervised release under Section 3-3-7 of this Code to govern that term, the Board may:

(1) continue the existing term, with or without modifying or enlarging the conditions; or

(2) parole or release the person to a half-way house; or

(3) revoke the parole or mandatory supervised release and reconfine the person for a term computed in the following manner:

(i)(A) For those sentenced under the law in effect prior to this amendatory Act of 1977, the recommitment shall be for any portion of the imposed maximum term of imprisonment or confinement which had not been served at the time of parole and the parole term, less the time elapsed between the parole of the person and the commission of the violation for which parole was revoked;

(B) Except as set forth in paragraph (C), for those subject to mandatory supervised release under paragraph (d) of Section 5-8-1 of this Code, the recommitment period shall be for the total mandatory supervised release term, less the time elapsed between the release of the person and the commission of the violation for which mandatory supervised release is revoked. The Board may also order that a prisoner serve up to one year of the sentence imposed by the court which was not served due to the accumulation of good conduct credit;

(C) For those subject to sex offender supervision under clause (d)(4) of Section 5-8-1 of this Code, the reconfinement period for violations of clauses (a)(3) through (b-1)(15) of Section 3-3-7 shall not exceed 2 years from the date of reconfinement.

(ii) the person shall be given credit against the term of reimprisonment or reconfinement for time spent in custody since he was paroled or released which has not been credited against another sentence or period of confinement;

(iii) persons committed under the Juvenile Court Act[1] or the Juvenile Court Act of 1987[2] shall be recommitted until the age of 21;

(iv) this Section is subject to the release under supervision and the reparole and rerelease provisions of Section 3-3-10.

(b) The Board may revoke parole or mandatory supervised release for violation of a condition for the duration of the term and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration. The issuance of a warrant of arrest for an alleged violation of the conditions of parole or mandatory supervised release shall toll the running of the term until the final determination of the charge, but, where parole or mandatory supervised release is not revoked that period shall be credited to the term.

(b-5) The Board shall revoke parole or mandatory supervised release for violation of the conditions prescribed in paragraph (7.6) of subsection (a) of Section 3-3-7.

(c) A person charged with violating a condition of parole or mandatory supervised release shall have a preliminary hearing before a hearing officer designated by the Board to determine if there is cause to hold the person for a revocation hearing. However, no preliminary hearing need be held when revocation is based upon new criminal charges in a court finds probable cause on the new criminal charges or when the revocation is based upon a new criminal conviction and a certified copy of that conviction is available.

(d) Parole or mandatory supervised release shall not be revoked without written notice to the offender setting forth the violation of parole or mandatory supervised release charged against him.

(e) A hearing on revocation shall be conducted before at least one member of the Prisoner Review Board. The Board may meet and order its actions in panels of 3 or more members. The action of a majority of the panel shall be the action of the Board. In consideration of persons committed to the Juvenile Division, the member hearing the matter and at least a majority of the panel shall be experienced in juvenile matters. A record of the hearing shall be made. At the hearing the offender shall be permitted to:

(1) appear and answer the charge; and

(2) bring witnesses on his behalf.

(f) The Board shall either revoke parole or mandatory supervised release or order the person's term continued with or without modification or enlargement of the conditions.

(g) Parole or mandatory supervised release shall not be revoked for failure to make payments under the conditions of parole or release unless the Board determines that such failure is due to the offender's willful refusal to pay.

P.A. 77-2097, § 3-3-9, eff. Jan. 1, 1973. Amended by P.A. 77-2827, § 1, eff. Jan. 1, 1973; P.A. 78-255, § 61, eff. Oct. 1, 1973; P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 84-1301, § 1, eff. Aug. 19, 1986; P.A. 85-1209, Art. III, § 3-36, eff. Aug. 30, 1988; P.A. 92-460, § 5, eff. Jan. 1, 2002; P.A. 94-161, § 5, eff. July 11, 2005; P.A. 94-165, § 5, eff. July 11, 2005.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003-3-9.

[1] Former Ill.Rev.Stat. Ch. 37, ¶ 707-2 (repealed).

[2] 705 ILCS 405/1-1 et seq.

P.A. 94-161 inserted subsec. (b-5).

*For text of section effective June 1, 2006, see 730 ILCS 5/3-3-9, post*

STATE OF ILLINOIS
ROD R. BLAGOJEVICH, GOVERNOR

# PRISONER REVIEW BOARD

Jorge Montes, Chairman

Exhibit (B.)

March 7, 2006

Clyde Wallace    K04941
Hill Correctional Center
600 Linwood Road
P. O. Box 1327
Galesburg, Illinois 61461

RE: Request for Rehearing

Dear Mr. Wallace:

Your request for a rehearing was presented to the Prisoner Review Board Members on March 2, 2006.

The Board Members have denied your request to have a rehearing. The board states due to your prior history and seriousness of the offenses, this provided sufficient cause for the violation of your Mandatory Supervised Release.

Cordially,

N. Damhoff
N. Damhoff
Institution Liaison

Cc:    File N K04941

STATE OF ILLINOIS
ROD R. BLAGOJEVICH, GOVERNOR

# PRISONER REVIEW BOARD

Jorge Montes, Chairman


Exhibit (9.C.

September 8, 2006

Clyde Wallace    K04941
Western Illinois Correctional Center
R. R. #4, P. O. Box 196
Mt. Sterling, Illinois  62353

RE:  Request for Rehearing

Dear Mr. Wallace:

Your request for a rehearing was presented to the Prisoner Review Board Members on September 7, 2006.

The Board Members did not feel that there was substantial enough evidence to grant a rehearing.

Therefore, your request for a rehearing has been denied.

Sincerely

N. Damhoff
Institution Liaison

Cc:    File N K04941

Exhibit Dc

# SENTENCE CALCULATION WORK SHEET

## Revocation of Good Conduct Credits
## When Sentence Is Determinate Under 1978 Law

E922

Name _Clyde Wallace_   Number _K04941_   Date _11-16-06_

### STEP 1

| Year | Month | Day |
|------|-------|-----|
|      |   1   |     |

(Good Conduct Credits Revoked From Sentence By Director On _11-16-06_ )

### STEP 2   (Mittimus Number _98CE576_ )

Projected Out Date

| Year | Month | Day |
|------|-------|-----|
| +    |       |     |

(Custody Date)
(Sentence Less G.C.C.)

(Projected Out Date or
PRB Projected Out Date)
(Previous Time - Lost/Awarded)

+ or - _____

```
  07    3    9
+        1
─────────────
  07    4    9
=
```

Discharge see rule
(Projected Out Date)   shut dated
(Present Revocation)   4-6-06

(Adjusted Projected Out Date)

Discharge
Adjusted Projected Out Date _4-9-07_   Terminal Operator _____

Calculated By _AE_   Date Entered _____

RECEIVED

DC 1328 (Rev. 9/93)
L426-00528   DEC - 6 2006

OFFICE OF
INMATE ISSUES

Clyde Wallace, #K04941
    Plaintiff

vs

Jorge Montes and Illinois
Prisoner Review Board,
    Defendants

Attorneys

Exhibit E.

| DATE | JUDGE AND REPORTER | | COSTS Dollars |
|---|---|---|---|
| 12 21 06 | | Leave to File Petition of Mandamus and Petition of Mandamus on file. Motion for Appointment of Counsel on file. File referred to Court. | |
| 12 21 06 | Frobish | Clerk presents file to court; this cause is set for hearing on the Motions by telephone conference call on April 16, 2007, at 11:00 a.m.; the public defender is appointed to represent the plaintiff in this cause--see order; should this cause be removed to Federal Court, then the appointment of Mr. Morgan is vacated; correspondence sent to parties-- see letters. | |
| 1 11 07 | | Summons mailed to defts copy to R Morgan & Atty Gen w/ copies of Petition | |
| 1 12 07 | | Letter of Plff on file. Referred to Judge. | |
| 1 12 07 | Frobish | Circuit Clerk presents file where plaintiff has requested an expedited processing of his complaint; the summons in this case was furnished to defendants on January 11, 2007; the time frame requested by plaintiff for processing is not feasible; cause remains set to April 16, 2007, at 11:00 a.m.; Clerk to forward copy of docket entry to the plaintiff, Mr. Morgan, and to the Office of Attorney General. | |

# AFFIDAVIT OF SERVICE

I, _Clyde Wallace_, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party (ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at _Pontiac_ Correctional Center, _Pontiac_ Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid thereon, on this _____ day of _January_, 20_07_.

_Clyde Wallace_
Signature

# VERIFICATION

I, _Clyde Wallace_, the undersigned, certify and state that:

1. I am the (Petitioner/Respondent) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents; and

3. **Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.**

_Clyde Wallace_
(Your signature)