IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CLYDE WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 07-3043 |
| | ) | |
| GORGE MONTES and VARIOUS MEMBERS OF THE PRISON REVIEW BOARD, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Also pending is the Petitioner's motion to appoint counsel. Upon review of the petition, the Court concludes that an evidentiary hearing is not warranted.

According to the petition, the Petitioner filed a mandamus petition in state court in Livingston County requesting immediate release from what he deems to be an unlawful sentence. The Petitioner claims that the judge in

1

that action set the hearing date for April 16, 2007, which he says is one week after his April 9 release date. He complains that the judge has refused to change the hearing date to a date that might benefit him.

The Court concludes that the Petitioner is entitled to no relief under section 2254. An application for a writ of habeas corpus under that section will generally not be granted unless "the applicant has exhausted the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(1)(A). The Petitioner has not exhausted his state remedies. While there are exceptions to the exhaustion requirement, none of the exceptions apply in this case.

The Petitioner might argue that the exhaustion requirement should not apply in this case because "circumstances exist that render such process ineffective to protect the rights of the applicant." See 28 U.S.C. § 2254(b)(1)(B)(2). He alleges that the state court refuses to schedule a hearing in time to remedy the issue. Unfortunately for the Petitioner, court proceedings typically take time to develop, and federal district courts do not tell state courts how to handle their dockets.

2

It is worth noting, moreover, that even if the Plaintiff had exhausted his state remedies and his section 2254 petition was properly before the Court, it is unlikely that he would have a remedy under that section before his release date in April.

Ergo, the Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus [d/e 1] is DENIED. All other motions are DENIED AS MOOT. This case is closed.

ENTER: February 15, 2007

        FOR THE COURT:

                s/Richard Mills
                United States District Judge